UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TERRI HUNTER,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-0911 |
| VERSUS | JUDGE DRELL |
| DEPT. OF VETERANS AFFAIRS<br>VETERANS CANTEEN SERVICES,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(1) Motion to Dismiss (Doc. 5) the claims asserted by Plaintiff Terri Hunter ("Hunter") against Defendant the Department of Veterans Affairs Veteran Canteen Services ("VCS") for lack of subject-matter jurisdiction. (Doc. 5). VCS argues that Hunter fails to satisfy the elements of a claim under 28 U.S.C § 1331 due to the absence of a waiver of sovereign immunity afforded to the government and its entities. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). In response, Hunter states that she does not contest the Motion to Dismiss on jurisdictional grounds. (Doc. 7, p. 2). Because Hunter's claims are barred by sovereign immunity, and because the motion is not contested, VCS's Motion to Dismiss (Doc. 5) should be GRANTED.

I. Background

Hunter began working for VCS on September 6, 2016 in Jackson, Mississippi. (Doc. 1, p. 3). On or about November 10, 2016, Hunter voluntarily transferred to the

VCS in Alexandria, Louisiana. Id. Hunter became a probationary employee under guidelines set forth by VCS. Id.

During her probationary period of employment for VCS in Alexandria, Hunter reported alleged legal violations of co-workers. Id. These violations included VCS employees participating in the following: (1) stealing and/or giving away food; (2) not maintaining food at proper temperatures; (3) storing food in unsanitary conditions; and (4) expired medications being stocked and sold. Id. Hunter states that she refused to participate in these "flagrant violations of the laws of the State of Louisiana." (Doc. 1, p. 4). Hunter claims that she was retaliated against by her co-workers and superiors for reporting these alleged violations, and that such reports led to her forced resignation. Id.

Hunter asserts two causes of action against VCS: (1) a constitutional claim under the First Amendment; and (2) a "whistleblower retaliation" claim under La. R.S. 23:967. (Doc. 1, p. 1). Hunter alleges that VCS used the assertion of her First Amendment rights as a substantial factor in the adverse actions taken against her. (Doc. 1, p. 5). Hunter states that, in applying La. R.S. 23:967 – which protects employees' interest when "whistleblowing" in good faith – VCS retaliated against her by forcing her resignation. Id.

Hunter claims that the VCS's violation of her First Amendment rights, in conjunction with whistleblower retaliation, caused her irreparable damage. (Doc. 1, p. 7). Hunter requests, *inter alia*, that this Court declare the violation of her First

Amendment rights and La. R.S. 23:967 are restrictions of free speech, recognize the harm which has befallen her, and award both actual and punitive damages. Id.

VCS seeks dismissal for lack of subject-matter jurisdiction. (Doc. 5); see Fed. R. Civ. P. 12(b)(1). VCS asserts that Hunter has not met the necessary elements for a valid cause of action under 28 U.S.C § 1331 and has not stated a claim over which this Court has jurisdiction. Hunter does not contest dismissal of her claims. (Doc. 7, p. 2).

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss.

A court may grant a motion to dismiss due to a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Attacks on subject-matter jurisdiction under Rule 12(b)(1) may take two forms: (1) facial attacks; and (2) factual attacks. Lawrence v. Dunbar, 919 F. 2d 1525, 1528-9 (11th Cir. 1990); see Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981). In this instance, VCS challenges subject-matter jurisdiction on a facial basis.

An attack on subject-matter jurisdiction under Rule 12(b)(1) challenges the Court's power to hear a case. Williamson, 645 F.2d at 413. When a defendant files a Rule 12(b)(1) motion, the plaintiff, as the party asserting federal jurisdiction, bears the burden of establishing jurisdiction. Babineaux v. Garber, 2018 WL 4938851, at *1 (W.D. La. Oct. 11, 2018); see New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F. 3d 321, 327 (5th Cir. 2008). Facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the

allegations in (the) Complaint are taken as true for purposes of the motion." Menchaca v. Chrysler Credit Corp., 613 F. 2d 507, 511 (5th Cir. 1980).

### B. Hunter's Complaint is barred by sovereign immunity.

VCS asserts that, as a sovereign, the United States is immune from suit unless it consents to be sued. (Doc. 5, p. 4). VCS states that the United States has not waived its sovereign immunity as to Hunter's claims. (Doc. 5, p. 3.). Hunter recognizes that no waiver of sovereign immunity exists for either claim set forth in her original Complaint. (Doc. 7, p. 1). And VCS cites longstanding precedent establishing that "(a)bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988)).

The Civil Service Reform Act of 1978 ("CSRA") provides a mechanism for administrative and judicial review of federal employment disputes. Poree v. Morgante, 2016 WL 3476706, at *2 (E.D. La. June 27, 2016), aff'd sub nom. Poree v. Mnuchin, 722 F. App'x 392 (5th Cir. 2018). The Fifth Circuit has identified this as the "exclusive remedy" for adverse actions involving federal employees. Guitart v. United States, 3 F. 3d 439 (5th Cir. 1993). The CSRA grants administrative and judicial rights to non-probationary federal employees. Poree, 2016 WL 3476706, at *2.

However, Hunter was a probationary federal employee at VCS. (Doc. 7, p. 1). Hunter thus does not qualify for relief under the CSRA due to her probationary status at the time of her resignation. See Poree, 2016 WL 3476706, at *2. Hunter concedes

that the CSRA only affords relief to federal employees past the probationary period of employment. (Doc. 7, p. 2). Hunter cannot state viable First Amendment claims against VCS. Id. Moreover, Hunter also concedes there is no waiver of sovereign immunity for her La. R.S. 23:967 whistleblower claim.

Hunter's claims are therefore barred by sovereign immunity.

## II. Conclusion

Because Hunter's claims are barred by sovereign immunity, IT IS RECOMMENDED that Defendant's Rule 12(b)(1) Motion to Dismiss (Doc. 5) be GRANTED, and that Hunter's Complaint be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of July, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge